UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GABINO GENAO,

                        Plaintiff,

                    -against-

NYC DEPT. OF CORRECTION; JOHN/JANE DOE MAILROOM OFFICERS OF N.I.C.; JOHN/JANE DOE MAILROOM OFFICERS OF O.B.C.C.; WARDEN SHARLISA WALTER, N.I.C; WARDEN FREEMAN, O.B.C.C.,

                        Defendants.

20-CV-2441 (LJL)

ORDER OF SERVICE

---

LEWIS LIMAN, United States District Judge:

Plaintiff, currently detained in the North Infirmary Command ("NIC") on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated April 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

### A.    Claims Against the New York City Department of Correction

Plaintiff's claims against the New York City Department of Correction ("DOC") must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

B.      **John/Jane Doe Mailroom Officers**

Plaintiff names as defendants John/Jane Doe Mailroom Officers at NIC and the Otis Bantum Correctional Center ("OBCC"). In the body of the complaint, however, Plaintiff refers to the individual mailroom officers who he alleges violated his rights. (ECF No. 2, at 4.) In light of Plaintiff's *pro se* status and clear intention to assert claims against these individual officers, the Court construes the complaint as asserting claims against NIC Mailroom Officer Rodriguez, NIC Correction Officers Knepple and Morgan, NIC Captain Smith, and OBCC Mailroom Officer Ms. Sands.

The Court therefore directs the Clerk of Court to amend the caption of this action to replace John/Jane Doe Mailroom Officers of NIC and John/Jane Doe Mailroom Officers of OBCC with NIC Mailroom Officer Rodriguez, NIC Correction Officer Knepple, NIC Correction Officer Morgan, NIC Captain Smith, and OBCC Mailroom Officer Ms. Sands. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defense these defendants may wish to assert.

C.      **Waiver of Service**

The Court directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that NIC Mailroom Officer Rodriguez, NIC Correction Officer Knepple, NIC Correction Officer Morgan, NIC Captain Smith, OBCC Mailroom Officer Ms. Sands, NIC Warden Sharlisa Walter, OBCC Warden Freeman, and the City of New York waive service of summons.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Court directs the Clerk of Court to amend the caption of this action to replace John/Jane Doe Mailroom Officers of NIC and John/Jane Doe Mailroom Officers of OBCC with NIC Mailroom Officer Rodriguez, NIC Correction Officer Knepple, NIC Correction Officer Morgan, NIC Captain Smith, and OBCC Mailroom Officer Ms. Sands. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants NIC Mailroom Officer Rodriguez, NIC Correction Officer Knepple, NIC Correction Officer Morgan, NIC Captain Smith, OBCC Mailroom Officer Ms. Sands, NIC Warden Sharlisa Walter, OBCC Warden Freeman, and the City of New York waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 8, 2020
           New York, New York

                                                  LEWIS LIMAN
                                        United States District Judge