```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
GABINO GENAO,                                                     :
                                                                  :
                            Plaintiff,                            :     20-cv-2441 (LJL)
                                                                  :
             -v-                                                  :     VALENTIN ORDER
                                                                  :
NYC DEPT. OF CORRECTIONS, ET AL.,                                 :
                                                                  :
                            Defendants.                           :
                                                                  :
------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who is currently incarcerated in the North Infirmary Command ("NIC") on Rikers Island, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that correction officials employed by the New York City Department of Correction violated his rights. Plaintiff sues Warden Walker, Warden Freeman, NIC Mailroom Officer Rodriguez, NIC Correction Officers Knepple and Morgan, NIC Captain Smith, OBCC Mailroom Officer Sands, and John Doe Defendants. On May 5, 2020, the New York City Department of Correction declined on behalf of the following defendants to waive service: Rodriguez, Morgan, Smith, Sands, and Freeman.

## INDIVIDUAL DEFENDANTS

Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *Id.* at 76. The Complaint supplies sufficient information to permit the New York City Department of Correction to identify the above-referenced defendants described by Plaintiff: Rodriguez, Morgan, Smith, Sands, and Freeman. For example, the Complaint asserts that Rodriguez, Morgan, and Smith were present

in the mailroom on December 27, 2018 between approximately 12:30 p.m. and 3:00 p.m. (Dkt. No. 2 at 4.)  The Complaint also asserts that Plaintiff "handed" mail to Sands around January 18–22, 2019 at his cell.  (*Id.*)  Freeman is identified as the "Warden of O.B.C.C."  (*Id.* at 1.)  It is therefore ordered that the New York City Law Department, who is the attorney for and agent of the New York City Department of Correction, shall ascertain the identity of the five above-referenced defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served.[1]  The New York City Law Department shall provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Upon receipt of the response to the *Valentin* order, the Court will, under Rule 21 of the Federal Rules of Civil Procedure, substitute the full names and badge numbers for Defendants Rodriguez, Morgan, Smith, Sands, and Freeman, instruct the Clerk of Court to amend the caption to reflect same, and issue an order requesting that the Department of Correction waive service of summons for those defendants.  This substitution will be without prejudice to any defenses that the named defendant may wish to assert in this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order and the Complaint to the New York City Law Department at: 100 Church Street, New York, New York, 10014.

SO ORDERED.

Dated: **May 12, 2020**
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.