

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **T**HE **C**ITY OF **N**EW **Y**ORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MOSTAFA KHAIRY**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2105<br>fax: (212) 356-3509<br>mkhairy@law.nyc.gov |

January 21, 2021

**VIA ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    Gabino Genao v. City of New York, et al.,
                 20-CV-2441 (LJL)

Your Honor:

        I am the attorney in the Office of James E. Johnson, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter.[1]  Defendant City writes in opposition to plaintiff's motion to compel.  For the reasons set forth herein, plaintiff's motion should be denied because it is entirely premature.  See Civil Docket Sheet, Entry No. 32.

        By way of background, according to the Complaint, on December 27, 2018 and January 16, 2019 through January 27, 2019, seven members of the Department of Corrections ("DOC") allegedly caused a delay in sending out plaintiff's mail.[2]  See Compl. at p. 4.  On November 27, 2020, by U.S. mail, the undersigned received from plaintiff discovery demands for the production of "DOC directives."  Also included were eight interrogatories directed to defendant Smith.  In December 2020, plaintiff contacted the undersigned by telephone and inquired whether or not defendant City had received plaintiff's discovery demands.  Defendant

---

[1] On November 24, 2020, defendant City waived service of process, making its response to the Complaint due by January 25, 2021.  Civil Docket Sheet, Entry No. 26.

[2] On December 16, 2020, the Court granted defendants Sharlisa Walker and David Knepple a sixty (60) day enlargement of time to respond to the Complaint, making their responses due by February 2, 2021.  See Civil Docket Sheet, Entry Nos. 27, 30.  Additionally, on January 5, 2021, DOC waived service of process on the behalf of defendants Melissa Rodriguez, Alonso Morgan, Omar Smith, Kathleen Sands, and Sonya Freeman, and their response to the Complaint is due by March 8, 2021.  Civil Docket Sheet, Entry No. 31.

City acknowledged receipt of plaintiff's discovery demands, however, the undersigned informed plaintiff that his discovery demands were premature given that the defendants had not yet responded to the Complaint and discovery had not yet commenced. Notwithstanding, by letter filed on January 12, 2021, plaintiff moved to compel answers to these interrogatories and the production of the requested documents.

Plaintiff's request should be denied because it is improper for a number of reasons. First, any discovery is premature since the parties did not confer as required under FRCP 26(f), defendants have not responded to the Complaint, and a scheduling order for discovery has not yet been set by the Court. Indeed, since discovery is not yet underway, defendant City cannot be said to have committed any of the acts or omissions justifying a motion to compel, as set forth in FRCP 37(a)(3)(B).

Second, discovery at this juncture is also premature defendant City anticipates moving to dismiss the Complaint pursuant to FRCP 12(b)(6).[3] Bbecause plaintiff has not yet demonstrated any legally cognizable claims against the defendants, plaintiff is not yet entitled to discovery. Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010); see also Zurich American Ins. Co. v. Dah Sing Bank, Ltd., 03 Civ. 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, at *27 (S.D.N.Y. June 15, 2004) ("Having shown no ability to state a claim against Union Bank, Zurich is not entitled to discovery."); Baird v. Kingsboro Psychiatric Ctr., 11 Civ. 159 (NGG)(LB), 2013 U.S. Dist. LEXIS 153847, at *14 (E.D.N.Y. Oct. 24, 2013) ("The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted."). Courts in this Circuit have held that a plaintiff cannot use discovery in hopes of obtaining information with which to salvage an insufficiently-pleaded complaint. See KBL Corp. v. Arnouts, 646 F. Supp. 2d 335, 346 n. 6 (S.D.N.Y. 2009) ("[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6) . . . ."); see also Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("Except in certain limited circumstances, [such as to perpetuate vital testimony], discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim."); Smartwater, Ltd. v. Applied DNA Sciences, Inc., 12 Civ. 5731 (JS) (AKT), 2013 U.S. Dist. LEXIS 139588, at *17 n. 4 (E.D.N.Y. Sept. 27, 2013) ("Insofar as Plaintiff seems to seek discovery, and flesh out its claims later, this is inappropriate."). Unless and until Plaintiff has asserted a claim that can withstand a motion under Rule 12(b)(6), he is not entitled to any discovery.

---

[3] On January 25, 2021, defendants intend to submit a proposed briefing schedule for the Court's endorsement.

- 3 -

In light of the foregoing, defendant City respectfully requests that the Court deny plaintiff's motion to compel in its entirety. Thank you for your attention to this matter.

Respectfully submitted,

*Mostafa Khairy* /s/
Mostafa Khairy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **BY U.S MAIL**
Gabino Genao #113-17-00734
Manhattan Detention Center
125 White St.
New York, New York 10013
*Plaintiff Pro Se*