```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
GABINO GENAO,                                                      :
                                                                   :
                              Plaintiff,                           :
                                                                   :           20-cv-2441 (LJL)
         -v-                                                       :
                                                                   :           OPINION & ORDER
THE CITY OF NEW YORK, WARDEN SHARLISA                              :
WALKER, SONYA FREEMAN, KATHLEEN SANDS,                             :
OMAR SMITH, ALONSO MORGAN, CORRECTION                              :
OFFICER KNEPPLE, AND MELISSA RODRIGUEZ,                            :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2021

LEWIS J. LIMAN, United States District Judge:

Pro se plaintiff Gabino Genao filed this action on March 19, 2020, alleging the violation of his constitutional rights by employees of the New York City Department of Corrections ("DOC").

Defendants City of New York ("City"), Sharlisa Walker ("Walker"), Sonya Freeman ("Freeman"), Kathleen Sands ("Sands"), Omar Smith ("Smith"), Alonso Morgan ("Morgan"), David Knepple ("Knepple"), and Melissa Rodriguez ("Rodriguez") move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint against them. For the following reasons, the motion is granted with leave to amend.

## BACKGROUND

The following facts are taken from the Complaint, Dkt. No. 2 ("Complaint"), and the documents incorporated therein, and are assumed to be true for purposes of this motion.

Plaintiff alleges that while incarcerated at the North Infirmary Command ("NIC") at Rikers Island, his constitutional rights were violated in two separate incidents. The first incident

took place on December 27, 2018, when Plaintiff gave "(6) pieces of (Article 78) Legal Mail" to defendant Rodriguez. Complaint at 4. The mail contained "appeals for an incident" that occurred on October 25, 2018. *Id.* Plaintiff alleges the mail was not sent in a timely fashion, that it was not sent for over a month, and that this caused a delay in his submission. *Id.*

Plaintiff alleges that the second incident occurred between January 18, 2019 and January 22, 2019, when he submitted another appeal to Defendant Sands. *Id.* He alleges that he submitted three white envelopes with three inmate withdrawal fund slips, filled out and signed. He alleges that the receipts he received in return were misdated and tampered with, and that the signatures on the receipts were forged and "completely different" from the ones on the forms he had handed to Sands. *Id.*

Plaintiff claims that the DOC staff "intentionally tamper[ed] with [his] legal mail," *id.* at 4, resulting in his "unfairly remaining in ESH [Enhancing Supervised Housing], PSEG [Punitive Segregation, also known as solitary confinement], housing as well as Booth visitation," *id.* at 5. He claims he was injured by mail fraud under 18 U.S.C. § 1341, and that the DOC violated his Fourth, Eighth, and Fourteenth Amendment Rights. *Id.* He seeks $100,000 for "Cash Compensation and Punitive Damages," as well as "Actions against the Department and its staff." *Id.*

## PROCEDURAL HISTORY

Plaintiff delivered the Complaint, Dkt. No. 2, to prison authorities on February 22, 2020 and the Court received it on March 19, 2020. Defendants moved to dismiss, Dkt. No. 42, and submitted a memorandum in support of their motion, Dkt. No. 43, with an exhibit of unreported cases, Dkt. No. 43-1, on March 19, 2021. Plaintiff did not respond to the motion to dismiss.

## LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the material facts as alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (quoting *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When adjudicating a motion to dismiss under Rule 12(b)(6), the court considers not only the well-pleaded allegations of the complaint but documents incorporated by reference and "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 382-83 (S.D.N.Y. 2020).

Although Plaintiff has not opposed the City's motion, Plaintiff's failure to oppose the motion does not itself justify the dismissal of the complaint. *See McCall v. Pataki,* 232 F.3d 321, 322–23 (2d Cir. 2000) (holding that dismissal based on plaintiff's failure to respond to a Rule 12(b)(6) motion alone "was error."); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983) ("Nothing in the Federal Rules of Civil Procedure or the Civil Rules of the Southern District requires a court to grant a motion by default simply because the nonmoving party fails to respond."). "In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d

3

563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322)); *see also Strachn v. City of New York,* 2020 WL 6291428, at *1 (S.D.N.Y. Oct. 27, 2020); *Blanc v. Capital One Bank*, 2015 WL 3919409, at *2-3 (S.D.N.Y. June 24, 2015); *Vargas v. Pers.,* 2014 WL 1054021, at *2 (S.D.N.Y. Mar. 17, 2014); *O'Garro v. Comm'r of Soc. Sec.*, 2013 WL 5798537, at *2 (S.D.N.Y. Oct. 24, 2013).

The Court construes pro se pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). This obligation "is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002); *see also Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). However, while the Court construes pro se pleadings liberally, this does not relieve pro se plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure. *See Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007) ("[P]ro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure"); *see also Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (requiring that pro se litigants allege sufficient facts to indicate deprivation of a constitutional right).

## DISCUSSION

Defendants argue Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted. Dkt. No. 43 at 2. They raise six arguments: (1) under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), Plaintiff failed to exhaust the

administrative remedies available under the Inmate Grievance and Request Program prior to filing the lawsuit, *id.* at 4-7; (2) Plaintiff failed to allege a "physical injury" within the meaning of PLRA § 1997e(e), and thus is not entitled to the relief he seeks, *id.* at 7-8; (3) the access to courts claim is meritless because it fails to allege deliberate and malicious conduct or actual injury, *id.* at 8-10; (4) the mail interference claim is meritless because it fails to allege regular and unjustified interference with mail, *id.* at 10-11; (5) Plaintiff's municipal liability claim against the City should be dismissed because his complaint fails to allege an underlying constitutional violation and because he failed to plead an unconstitutional policy or widespread practice as required by the *Monell* standard for § 1983 suits, *id.* at 11-13; and (6) the claims against the two wardens named as Defendants were not personally involvement in the incidents, and so the claims against them should be dismissed, *id.* at 13-14. The Court consider these points in turn. The Court then turns to Plaintiff's mail fraud claim.

### A. Failure to Exhaust Administrative Remedies Bars Inmate Suits, but Is an Affirmative Defense, Not a Pleading Requirement

Defendants argue that Plaintiff's claim is barred due to his failure to comply with the Prisoner Litigation Reform Act ("PLRA") exhaustion requirement. They argue that he "failed to plead that he exhausted all administrative remedies available to him under the IGRP,"[1] Dkt. No. 43 at 6, and that he "failed to exhaust all administrative remedies," as a factual matter, *id.* Although failure to exhaust administrative remedies would bar Plaintiff from bringing this claim before this Court, Plaintiff's failure to plead administrative exhaustion does not.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

---

[1] IGRP refers to DOC's Inmate Grievance Request Program.

other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (reiterating the exhaustion requirement in the PLRA); *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016) (reiterating the exhaustion requirement and holding that "Courts may not engraft an unwritten 'special circumstances' exception" to it.).

But Defendants mistakenly claim that "while generally an affirmative defense, '[a] motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), is an appropriate vehicle to be used by a defendant where the failure to exhaust is clear from the face of the complaint as well as any written instrument attached as an exhibit and any statements or documents incorporated by reference into the complaint.'"  Dkt. No. 43 at 6 (quoting *Mingues v. Nelson*, 2004 WL 324898 at *2 (S.D.N.Y. Feb. 19, 2004)).  This has been overruled: rather, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  The Supreme Court explained it "underst[ood] the reasons behind the decisions of some lower courts to impose a pleading requirement on plaintiffs in this context, but that effort cannot fairly be viewed as an interpretation of the PLRA."  *Id.*  Though plaintiffs are required to exhaust administrative remedies under the PLRA, they are not required to plead that they did.

Defendants' argument that Plaintiff "failed to plead that he exhausted all administrative remedies available to him under the IGRP," Dkt. No. 43 at 6, is mistaken, because Plaintiff was not subject to a requirement that he plead exhaustion of administrative remedies.  And Defendants' argument that "although Plaintiff attached to his Complaint the disposition form he

received from the Office of Constituent and Grievance Services ("OCGS"), this is not a substitute, nor should it be construed as one, for satisfying the pleading requirement," *id.*, is a non-sequitur, because there is no such pleading requirement. Defendants' claim that "Plaintiff has also failed to exhaust all administrative remedies," *id.*, is irrelevant at the 12(b)(6) stage, where courts must "construe all reasonable inferences in the plaintiff's favor." *Phelps*, 308 F.3d at 184. Since defendants are making a factual allegation that Plaintiff failed to exhaust, which is not supported by the face of the complaint, Rule 12(b)(6) is not the proper vehicle for their claim and the complaint cannot be dismissed on that basis.

Though the PLRA requires exhaustion of administrative remedies, it is an affirmative defense—plaintiffs are not required to plead it. Therefore, exhaustion is not a bar to this suit at the 12(b)(6) stage.

### B. The PLRA Does Not Bar Genao's Lawsuit

Defendants also argue that the PLRA precludes Plaintiff from seeking relief in this case.

The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). This section prevents a plaintiff from "recover[ing] damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." *Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002). However, "[b]ecause Section 1997e(e) is a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, it does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief." *Id.* at 416. Thus, even in the absence of a physical injury, nominal and punitive damages as well as

7

injunctive and declaratory relief are available. Indeed, in *Thompson*, the Second Circuit vacated a dismissal because the district court "did not know . . . whether Thompson sought actual damages for his loss of property, nominal or punitive damages, damages for a physical injury, or damages solely for an emotional injury without any claim of physical injury. Only in the last of these scenarios could the district court properly have dismissed Thompson's claims . . . ." *Id.* at 419 (citations omitted).

In a more recent summary order, the Second Circuit noted that even if an inmate cannot establish that any of the injuries complained of in the action stemmed from physical injuries, the inmate "may still recover damages for injuries to his First Amendment rights, as well as nominal and punitive damages for any other constitutional violations." *Toliver v. City of New York*, 530 F. App'x 90, 94 n.2 (2d Cir. 2013). And, "in § 1983 cases . . . punitive damages may be awarded even in the absence of a compensatory award." *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153, 161 (2d Cir. 1998). So, compensatory damages are precluded by § 1997e(e) where there is no physical injury, but punitive damages and injunctive and declaratory relief are not, and they may be awarded even "in the absence of" compensatory damages.

Because Plaintiff did not only request compensatory damages but also requested "Punitive Damages," and "Actions against the Department and its staff," Complaint at 5, his lawsuit is not barred by the PLRA physical injury requirement.[2]

### C. Plaintiff Fails to State a Claim For Denial of Access to the Courts

Defendants argue correctly that the Complaint fails to state a claim for denial of access to the courts. "To state a claim for denial of access to the courts . . . a plaintiff must allege that the

---

[2] Should Plaintiff elect to replead and to seek compensatory damages, he will need to plead a physical injury.

defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (alteration in original) (internal quotations and citations omitted). In *Davis*, the plaintiff alleged two instances of mail interference, which the Court found "insufficient to state a claim for denial of access to the courts because [the plaintiff] ha[d] not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions." *Id.* at 352. Also, "the right [to access courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. . . . It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, the Complaint is insufficient to state a claim for denial of access to the courts. As in *Davis*, only two instances of mail interference are alleged, with no allegation that the interference with "either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions." *Davis*, 320 F.3d at 352. At most, the Complaint alleges Defendants' actions "caus[ed] a delay in [Genao's] submissions." Complaint at 4. Also, the Complaint does not describe the "underlying cause of action" of the frustrated legal claims, nor "identify a remedy" for that frustration. It provides virtually no detail about the frustrated legal claims besides the dates they occurred and the dates Genao sent his appeals. *Id.* Therefore, Plaintiff has failed to state an access to the courts claim.

### D. Plaintiff Fails to State a First Amendment Mail Interference Claim

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis*, 320 F.3d at 351. "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail." *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (quoting *Davis*, 320 F.3d at 351). But a prisoners' rights to send and receive mail may be regulated if it is "reasonably related to legitimate penological interests." *Id.* (quoting *Rodriguez v. James*, 823 F.2d 8, 12 (2d Cir. 1987)).

To show this right is violated, a "prisoner must show that the interference with his mail was both regular and unjustified." *Antrobus v. City of New York*, 2014 WL 1285648, at *4 (S.D.N.Y. Mar. 27, 2014). Indeed, "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Davis*, 320 F.3d at 351 (quoting *Cancel v. Goord*, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001)) (internal citations omitted). However, "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id.* (citing *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986)).

Here, plaintiff only alleges two instances of mail interference. Plaintiff does not allege the interference was regular and unjustifiable. He also does not allege an ongoing practice of censorship. Finally, plaintiff failed to state an access to the courts claim. Therefore, there is no way to read the Complaint to state a First Amendment mail interference claim.

### E.  Plaintiff Fails Adequately to Allege Municipal Liability

To plead a § 1983 claim against a municipality, such as the City, a plaintiff must allege: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) *(citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). A plaintiff satisfies the "policy or custom" requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Johnson v. Paul*, 2018 WL 2305657, at *3 (S.D.N.Y. May 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

The Supreme Court explained its reasons for the custom or policy requirement in *Monell* claims in a subsequent case:

> Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997) (internal citations omitted).

Plaintiff's claim fails at the threshold.  He cannot establish municipal liability against the City because he does not sufficiently allege a constitutional violation.  *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (finding no municipal liability in the absence of a constitutional

11

violation); *Martinez v. City of New York*, 340 F. App'x 700, 702 (2d Cir. 2009) ("A municipality cannot be liable for acts by its employees which are not constitutional violations.") (internal quotation marks and citation omitted). His allegation that his Fourth, Eighth, and Fourteenth Amendment rights were violated is not supported by factual material. While the Court construes pro se pleadings liberally, pro se plaintiffs are still required to plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. The lack of any substantiation here means plaintiff's constitutional claims did not cross the line from conceivable to plausible.

Even if Plaintiff's constitutional rights had been violated, Plaintiff's claims would still fail because he has not alleged an unconstitutional municipal policy or custom. Vague, speculative, or conclusory allegations about the existence of a policy or custom do not suffice to state a Section 1983 claim against a municipal defendant. *See, e.g., Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438-39 (S.D.N.Y. 2000) (dismissing municipal claims and rejecting the argument that plaintiff's complaint was "only required to contain a bare assertion that the challenged action was taken pursuant to a municipal policy or custom"), *aff'd*, 242 F.3d 367 (2d Cir. 2000).

Here, Plaintiff's Amended Complaint does not include factual support for the proposition that the City of New York has any unconstitutional policy that resulted in the actions of which Plaintiff complains. The closest Plaintiff comes to alleging a policy or custom is his claim that "The Dept Staff are intentionally tampering with my legal mail as well as interfering with my Right to communicate with the outside world." Complaint at 4. This does not meet the *Brown* threshold of policy or custom to show these are the acts "of the municipality" or that "the relevant practice is so widespread as to have the force of law." *Brown*, 520 U.S. at 403-04. As

the Complaint does not identify any policy or custom which caused the alleged harm, Plaintiff fails to adequately allege municipal liability.

### F. Plaintiff Fails to State a Claim Against Wardens Walker and Freeman

To maintain a cause of action against any official, a plaintiff must show that "the defendant was personally involved in alleged deprivation of his constitutional rights." *Zamakshari v. Dvoskin*, 899 F. Supp. 1097, 1109 (S.D.N.Y. 1995). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 676) (internal quotation marks omitted).

Here, the Complaint fails to allege any action on the part of Defendants Walker and Freeman. The only basis for their liability here would be under *respondeat superior*, which is unavailable for § 1983 claims. Because the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), and no factual matter is pleaded to state a plausible claim against Defendants Walker and Freeman, the claims against those Defendants should be dismissed.

### G. Plaintiff Fails to State a Mail Fraud Claim

Plaintiff fails to state a claim for mail fraud under 18 U.S.C. § 1341. "[A] mail fraud claim is not actionable as a private cause of action." *Newman v. Jewish Agency for Isr.*, 2017 WL 6628616 at *6 (S.D.N.Y. Dec. 28, 2017). "The mail fraud statute is a 'bare criminal statute with no indication of any intent to create a private cause of action . . . .'" *Id.* (quoting *Brandstetter v. Bally Gaming, Inc.*, 2012 WL 4173193, at *6 (E.D.N.Y. Aug. 23, 2012)).

Accordingly, the mail fraud claim is dismissed.

## CONCLUSION

For the reasons stated, the motion to dismiss is GRANTED.

Because the Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 795 (2d Cir. 1999)), the Court grants Plaintiff sixty (60) days, until July 25, 2021, to file an amended complaint with allegations that support his constitutional claims. If Plaintiff fails to file a timely amended complaint, the Court will terminate the case.

The Clerk of Court is respectfully directed to close Dkt. No. 42 and to mail a copy of this Opinion and Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

SO ORDERED.

Dated: May 25, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge